# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-584-RJC-DSC

| | |
|---|---|
| ANEYA GEANNAIRE EL-BEY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| NEW YORK SOCIAL SERVICES AGENCIES, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 3), and Plaintiff's motion seeking the status of her *in forma pauperis* application, (Doc. No. 4).

## I. BACKGROUND

*Pro se* Plaintiff Aneya Geannaire El-Bey, a resident of the State of South Carolina, filed this action on October 4, 2017, naming numerous federal, state, and private individuals and entities as Defendants. They include: New York Social Services Agencies, University of the State of New York, "Housing Authority," Social Security Administration, City of New York Vital Records, South Carolina Department of Vital Records, York Electric Cooperative, "Treasury Retail Securities Submission," and Carolinas Health Care Systems Behavioral Health Centers. (Doc. No. 1 at 1). Plaintiff seeks a "permanent injunction" "to restore my good name back to its proper original Authentic private citizen status, as well as seeking to restore and protect myself and my chidlrens economic health as well as being for future preservation for self growth and

1

development, conscious awareness of self to experience, appreciate, and enjoy life to the fullest." (Doc. No. 1 at 2). Plaintiff appears to believe that the United States Government, its agencies, and representatives, have been depriving her of funds as far back as her high school years because it considers her a United States citizen despite her assertions to the contrary:

> I guess I can honestly say I probably became aware of the error [when she sought money for clothes and food in high school] and tried to reject what resulted. In error, was when I was given an application by a United States U.S. government agency representative, and it asked the question are you a U.S. citizen yes or no? I said no because I honestly did not know what that was a U.S. citizen. I could not honestly check yes to that question so I truthfully said no. when I asked the representative what was a U.S. citizen? I was told by the United States U.S. government agency representative directing me to fill out the form, that I was a U.S. citizen born in the United States and that I was a U.S. citizen. When I rejected and explained I was not a U.S. citizen and did not know what that was, as I was there requesting assistance for purchases for goods and services from the agency who promotes assistance in support of those with no money or means to pay in full. The way I was directed to fill out their forms left me with no real way to take care of needs for my well being. I was told they would not help with clothing, food, and utilities. I would have to go to each different agency for help and apply for assistance, get a GED for a job to earn income and that I had to bring a birth certificate and a social security card to get any help in assistance or support. I was clearly being forced, as I was told I was a U.S. citizen although I told them I was not. As I signed I put all rights reserved, drew lines through my signature to show my rejection on applications they said was my only option to request support for my well being. I have been trying for years to notify the United States government agencies and its representatives my proper status and they still up to now continue to ignore and deprive my children and I unalienable right to independence, right to exist, and survive without harm and struggle. The United States U.S. government and its representatives not meeting their obligations to I and my children as a natural right, leaving us held back with no protection or economic means for proper growth and development.

(Doc. No. 1 at 5-7).

Plaintiff claims that this situation has caused her stress and deprived her of adequate money to pay her Section 8 rent, buy a home, buy food and clothing, and care for her children. (Doc. No. 1 at 9). Further, she claims to have received a letter in the middle of September from "Social Security" stating they will no longer give her monthly payments. (Doc. No. 1 at 10).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's action will be dismissed without prejudice on initial review for several reasons.

First, the Compliant is frivolous because it fails to set forth a basis for liability against any of the named Defendants. Plaintiff's claims that she is being denied financial benefits because the Government erroneously considers her a U.S. citizen, are nonsensical, conclusory and merit no serious discussion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.' "); Cush-El v. State, 2016 WL 1212427 at *2 (M.D.N.C. March 10, 2016) (recommending dismissal of complaint wherein "[p]laintiff recites claims that consist largely of incomprehensible ramblings composed of commercial and legal doctrines"), *rep. & recomm. adopted*, 2016 WL 1228626 (March 28, 2016); United States v. True, 2003 WL 21254889 at *1 (M.D. Fla. April 25, 2003) (stating "the Court feels no duty to respond to the substance of ... preposterous claims.").

Second, the only relief Plaintiff seeks is a permanent injunction, for which she has failed to state a facially sufficient claim. Under "well-established principles of equity," a plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Legend Night Club v. Miller, 637 F.3d 291, 297 (4th Cir. 2011).

Plaintiff's rambling and conclusory allegations fail to set forth facts supporting any of the elements for granting a permanent injunction and, therefore, the only relief she seeks is unavailable.

Finally, it does not appear that venue is proper in this district. Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Plaintiff presently resides in South Carolina, previously resided in New York, and all of the Defendants except for Carolina Healthcare System, are located in either New York or South Carolina. Plaintiff has failed to make any factual allegations whatsoever against the sole Defendant that is located in North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant, venue would be proper in New York or South Carolina pursuant to Section 1391(b)(1), because the States of New York and South Carolina appear to be where a substantial part of the events or omissions giving rise to the claims occurred, and Plaintiff resides in South Carolina.

Moreover, should Plaintiff wish to challenge the alleged discontinuation of her Social Security benefits, such an action must be brought in the jurisdiction where she resides.[1] See 42

---

[1] Plaintiff is cautioned that timeliness and procedural requirements including exhaustion of administrative remedies apply to a Social Security appeal.

U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has a principal place of business, or, if he does not reside or have his principal place of business within any such district, in the United States District Court for the District of Columbia.").

## IV. CONLUSION

For the reasons stated herein, this action is dismissed without prejudice, Plaintiff is granted *in forma pauperis* status for the limited purpose of initial review, and her motion seeking the status of her *in forma pauperis* application is denied as moot.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 3), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Motion for Ruling, (Doc. No. 4), is **DENIED** as moot.

3. The Complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

4. The Clerk is directed to close the case.

Signed: January 5, 2018

Robert J. Conrad, Jr.
United States District Judge